10-3775-ag
Weng v. Holder

BIA
A077 347 541

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of September, two thousand eleven.

PRESENT:
            JON O. NEWMAN,
            JOSÉ A. CABRANES,
            RAYMOND J. LOHIER, JR.,
                 *Circuit Judges.*
_____

YI WENG, AKA YI DI WENG,
        *Petitioner,*

        v.                              10-3775-ag
                                        NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Oleh R. Tustaniwsky, Brooklyn, New
                       York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Shelley R. Goad, Assistant
                       Director; Russell J.E. Verby, Senior
                       Litigation Counsel, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yi Weng, a native and citizen of the People's Republic of China, seeks review of an August 24, 2010, decision of the BIA denying his motion to reopen. *In re Yi Weng, aka Yi Di Weng*, No. A077 347 541 (B.I.A. Aug. 24, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of Weng's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien may file only one motion to reopen and must do so within 90 days of the BIA's final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). Although Weng's motion was indisputably untimely because it was filed more than six years after the agency's final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), there is no time limitation for filing a motion to reopen if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence

2

is material and was not available and would not have been discovered or presented at the previous proceeding."

8 U.S.C. § 1229a(c)(7)(C)(ii).

The BIA did not abuse its discretion in finding that Weng's protests at the Chinese consulate in the United States did not constitute materially changed conditions in China excusing the untimely filing of his motion to reopen. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005) (explaining that a change in "personal circumstances *in the United States*" did not constitute a change in country conditions excusing the filing deadline for motions to reopen). Moreover, the BIA did not abuse its discretion in finding that Weng failed to demonstrate materially changed circumstances in China based on his village committee's discovery of his protest activities in the United States. The BIA reasonably relied on the IJ's underlying adverse credibility determination to decline to credit the only evidence of such circumstances – an untranslated village committee notice and his father's letter. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-49 (2d Cir. 2007) (relying on the doctrine *falsus in uno, falsus in omnibus* to conclude that the agency may decline to

3

credit documentary evidence submitted with a motion to reopen by an alien who was found not credible in the underlying proceeding) (citing *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007)).  Weng's reliance on *Paul v. Gonzales*, 444 F.3d 148, 154 (2d Cir. 2006), to challenge the BIA's decision is misplaced.  In *Paul*, we held that the BIA erred in denying a motion to reopen based entirely on the movant's failure to rebut the IJ's underlying adverse credibility finding because the IJ had explicitly credited the movant's claim that he was a Christian.  *See Paul*, 444 F.3d at 154.  Accordingly, the BIA was required to consider objective country conditions regarding the mistreatment of Christians in the movant's country – evidence that did not depend on the movant's credibility for its probative force. *See id.* at 152-55.  Here, unlike in *Paul*, the IJ did not find any aspect of Weng's testimony credible, and the BIA reasonably declined to credit documents that depended upon Weng's veracity.  *See id.*  Accordingly, because the BIA did not abuse its discretion in declining to credit Weng's individualized evidence purporting to detail changed circumstances in China, *see Qin Wen Zheng*, 500 F.3d at 146-49, its denial of his motion to reopen as untimely was not in error.  *See* 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c).

4

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk